JACKSON LEWIS LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960-6834
(973) 538-6890

ATTORNEYS FOR DEFENDANT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NIURKA GERMAN,<br><br>   Plaintiff,<br><br>v.<br><br>THE NEIMAN MARCUS GROUP INC.,<br><br>   Defendants. | : Civil Action No.<br>:<br>:<br>: **NOTICE OF COMPLIANCE WITH**<br>: **U.S.C. §1446(d)** |

To: William T. Walsh, Clerk
   United States District Court for the District of New Jersey
   M.L. King, Jr. Federal Bldg. & U.S. Courthouse
   50 Walnut Street
   Newark, New Jersey 07102

   Ramon A. Pagan, Esq.
   The Law Office of Candice A. Pluchino, Esq.
   22 Alpine Drive
   Perrineville, New Jersey 08535

   Pursuant to the requirements of 28 U.S.C. § 1446(d), on April 5, 2011, a notice of filing of petition for removal, a true copy of which is attached hereto as Exhibit 1, will be filed with the Clerk of the Superior Court of the State of New Jersey for the County of Essex.

                Respectfully submitted,

                JACKSON LEWIS LLP
                220 Headquarters Plaza
                East Tower, 7th Floor
                Morristown, NJ 07960-6834
                (973) 538-6890

Dated: April 5, 2011        By:  s/Nancy J. Arencibia
                                    Nancy J. Arencibia
                                    Marty W. Aron
                                    ATTORNEYS FOR DEFENDANT
                                    THE NEIMAN MARCUS GROUP, INC.

pleading005-noc.doc

4823-7708-3913, v. 1

# EXHIBIT 1

JACKSON LEWIS LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960
(973) 538-6890
ATTORNEYS FOR DEFENDANT

| | |
|---|---|
| NIURKA GERMAN, | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION : ESSEX COUNTY |
| Plaintiff, | DOCKET NO. L-263-11 |
| | |
| vs. | |
| | Civil Action |
| | |
| THE NEIMAN MARCUS GROUP INC., | **NOTICE OF FILING OF PETITION FOR REMOVAL** |
| Defendants. | |

TO: Clerk of Essex County
Hall of Records, Room 247
465 Dr. Martin Luther King, Jr., Blvd
Newark, NJ 07102

**PLEASE TAKE NOTICE** that Defendant, The Neiman Marcus Group, Inc. ("Defendant"), has forwarded for filing its notice and petition for removal of this action to the United States District Court, for the District of New Jersey, on April 5, 2011. A copy of the notice and petition filed with the United States District Court is submitted herewith as Exhibit 1.

**PLEASE TAKE FURTHER NOTICE**, that Defendant hereby files a copy of its notice and petition with the Superior Court of New Jersey, Essex County, Law Division, in accordance with 28 U.S.C. §1446.

Respectfully submitted,

JACKSON LEWIS LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, NJ 07960-6834
(973) 538-6890

By: _____
Nancy J. Arencibia
Marty W. Aron

ATTORNEYS FOR DEFENDANT
THE NEIMAN MARCUS GROUP, INC.

Dated: April 5, 2011

pleading002-nof.doc

4832-8180-8393, v. 1

2

# EXHIBIT 1

JACKSON LEWIS LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960
(973) 538-6890
ATTORNEYS FOR DEFENDANT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NIURKA GERMAN,<br><br>                    Plaintiff,<br><br>    vs.<br><br>THE NEIMAN MARCUS GROUP INC.,<br><br>                    Defendants. | Civil Action No.<br><br>NOTICE AND PETITION FOR REMOVAL OF CASE FROM THE SUPERIOR COURT OF NEW JERSEY ESSEX COUNTY, LAW DIVISION |

To: William T. Walsh, Clerk
United States District Court for the District of New Jersey
M.L. King, Jr. Federal Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

Ramon A. Pagan, Esq.
The Law Office of Candice A. Pluchino, Esq.
22 Alpine Drive
Perrineville, New Jersey 08535

Defendant, The Neiman Marcus Group, Inc. ("Defendant"), pursuant to 28 U.S.C. §§ 1332 1441, and 1446, respectfully submits this Notice and Petition for Removal of a case from the Superior Court of New Jersey, Essex County, bearing Docket No. L-263-11, and as grounds for this removal, alleges as follows:

1. On or about January 7, 2011, Plaintiff filed a civil action in the Superior Court of New Jersey, Law Division, Essex County, bearing Docket No. L-263-11, entitled <u>Niurka German v. The Neiman Marcus Group Inc.</u> A true copy of the summons and complaint is annexed hereto as Exhibit A. These documents constitute all pleadings, process and other documents served upon Defendant in this action. This document was the initial pleading served upon Defendant setting forth the claims upon which Plaintiff's action is based.

2. Defendant received a copy of the Summons and Complaint on or about March 7, 2011, within thirty (30) days of the filing of this notice and petition for removal.

3. Defendant has affected removal within thirty (30) days of service upon it of a paper from which it could be first ascertained that this action is removable. As such, this notice and petition is timely filed within the provisions of 28 U.S.C. § 1446.

4. Defendant has not filed an answer or other pleading in the Superior Court of New Jersey.

5. Defendant submits this notice and petition without waiving any defenses to the claims asserted by Plaintiff, or conceding that Plaintiff has pleaded claims upon which relief may be granted.

6. This action is being removed to this Court pursuant to 28 U.S.C. § 1332 on the grounds that it involves a controversy between citizens of different states:

    a. Upon information and belief, Plaintiff is and has been, both upon the filing of the subject complaint on January 7, 2011 and the filing of this removal petition, a citizen and resident of the State of New York. (<u>See</u> Ex A, at 1).

2

b. Defendant has been and is, both upon the filing of the subject complaint on January 7, 2011 and the filing of this removal petition, a corporation duly created and organized under the laws of the State of Delaware, with its headquarters and principal place of business in Dallas, Texas.

7. Plaintiff's complaint alleges unlawful discharge and discrimination under the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. §10:5-1, *et seq.* and retaliation in violation of N.J.S.A. 34:19-1 *et. seq.*, as well as intentional infliction of emotional distress and negligent supervision. In her Complaint, Plaintiff seeks compensation for lost wages, pain and suffering, attorneys' fees and punitive damages. As such, it appears the amount in controversy is in excess of $75,000.00.

8. On March 31, 2011, Nancy J. Arencibia, Esq. contacted Plaintiff's counsel, Ramon A. Pagan, Esq. to confirm that the amount in controversy exceeds $75,000.00. Ms. Arencibia advised Plaintiff's counsel that Defendant intended to remove this matter to Federal Court. Mr. Pagan confirmed the amount in controversy exceeded $75,000.00.

9. As there is complete diversity between the parties and the amount in controversy in excess of $75,000.00, this action is one in which the District Court of the United States is given original jurisdiction pursuant to 28 U.S.C. §1332(a), and is therefore removable pursuant to 28 U.S.C. §1441(b).

10. Venue is proper in this Court.

11. On April 5, 2011, a notice of petition for removal is being filed with the Clerk of the Superior Court of the State of New Jersey for the County of Essex.

...

WHEREFORE, Defendant respectfully requests that the within action, now pending in the Superior Court of New Jersey, Law Division, Essex County, be removed to the United States District Court for the District of New Jersey.

Respectfully submitted,
JACKSON LEWIS LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960-6834
(973) 538-6890

By: s/Nancy J. Arencibia
Nancy J. Arencibia
Marty W. Aron
ATTORNEYS FOR DEFENDANT
THE NEIMAN MARCUS GROUP INC.

Dated: April 5, 2011

pleading001-nor.doc

4823-2419-6361, v. 1

# EXHIBIT A

| | |
|---|---|
| Attorney(s) Candice A. Pluchino, Esq. | **Superior Court of New Jersey** |
| Office Address 22 Alpine Drive | |
| Town, State, Zip Code Perrineville, NJ 08535 | Essex ☒ COUNTY |
| Telephone Number 609-208-0698 | Civil - Law DIVISION |
| Attorney(s) for Plaintiff | Docket No: L-2653-2011 |

Niurka German
     Plaintiff(s)

Vs.

The Neiman Marcus Group Inc.

     Defendant(s)

## CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

                                                        Jennifer M. Perez,
                                                        Acting Clerk of the Superior Court

DATED: _____

Name of Defendant to Be Served: The Neiman Marcus Group Inc.

Address of Defendant to Be Served: 1200 Morris Park Turnpike, Short Hills, NJ 07078

NOTE: The Case Information Statement is available at www.njcourts.com.

Revised 09/01/2010, CN 10792-English (Appendix XII-A)                                                    page 1 of 4

RAMON A. PAGAN ESQ.
THE LAW OFFICE OF CANDICE A. PLUCHINO, ESQ.
22 Alpine Drive
Perrineville, New Jersey 08535
(609) 208-0698
Attorney for the Plaintiff(s)

|  |  |
|---|---|
| Plaintiff(s)<br>NIURKA GERMAN, | SUPERIOR COURT OF<br>NEW JERSEY<br>LAW DIVISION:<br>ESSEX COUNTY |
|  | DOCKET NO.  L-263-2011 |
| vs. | CIVIL ACTION |
| Defendant(s)<br>The Neiman Marcus Group Inc. | COMPLAINT AND<br>JURY DEMAND |

Plaintiff, Niurka German ("German"), residing at 547 Barclay Avenue, Staten Island, New York, complaining of the defendant, says:

1. In or about 2007, German began working for defendant The Neiman Marcus Group Inc. ("Neiman") in its retail store located at 1200 Morris Turnpike, Short Hills, New Jersey ("the Store"), as a Sales Associate.

2. German received generally good reviews from her superiors while working at that location.

3. In or about November of 2008, German received a phone call from a co-worker at the Store asking German if she was an exotic dancer for a local "strip club". German replied in the negative, but was then told by her co-worker that the Store was "abuzz" with the rumor that she was an exotic dancer.

4. She then returned to the Store for work a few days later, and learned that a woman that had worked at the Store previously but had transferred to a different Neiman location had recently visited a local "strip club", and thought she had seen German. This employee then told other employees at Neiman, and the rumor spread quickly. Said rumors and gossip negatively affected the plaintiff in the workplace.

5. On or about November 14, 2008, German's supervisor, Carman Feriolli, brought two vendors that sell to Neiman, as well as an assistant manager at Neiman and two co-workers of German to the local "strip club" for the sole purpose of attempting to see if German was working at the strip club and to cause her embarrassment and to further malign her reputation and character. Although the co-workers did not find German at the strip club, they still insisted that she must be working there and further spread the vicious rumors and gossip through text messages sent to other employees which stated that plaintiff was not at the strip club that day because it must have been her day off. Feriolli also stated to other vendors that he had visited this local "strip club" to investigate if an employee worked there, and actually mentioned German's name to those vendors, further maligning her name and injuring her reputation in the workplace.

6. Following this egregious action by her supervisor and co-workers, everyone at Neiman treated German differently. Men looked at her differently, and one former associate even performed a "shimmy" with her chest in front of German as she entered work. One manager, upon hearing the rumor, left his post to come look at German, ogling her up and down, and telling others he was there to "check some stuff out..." People began giggling, whispering and pointing at German after the rumor spread.

7. German brought all of this to the attention of the human resources department at Neiman approximately one week after she became aware of the supervisor's trip to the local

"strip club". Specifically, on November 21, 2008, German wrote a letter to the director of Human Resources for Neiman at the Store, entitled "Formal Complaint," which outlined and described all of the innappropriate actions by her employers to date. Approximately one week after that, Feriolli was terminated from his position.

8. Following Feriolli's termination, German's supervisors and co-workers treated German with animosity and disdain; including childish acts like cackling at German whenever she walked past her and would not communicate at all with anyone at German's makeup counter. Said actions made it impossible for plaintiff to carry out her duties at the workplace.

9. Feriolli's replacement "Mina" attempted to manufacture a confrontation with German in late December 2008 or early January 2009. German called in sick one day, and when she returned the next day, "Mina" brought her into his office, and yelled at her in front of other workers, stating that she failed to call in to work, even though she had. He also treated German with negativity generally, including withholding her "gratis" which she would have earned after having sold a certain number of qualified items. An employee normally earns a "gratis", which is a free beauty product, after the associate sells a certain number of that particular product.

10. Within weeks of that confrontation, On or about January 10, 2009, German received a phone call from human resources and a general manager, stating that there was a department meeting earlier that week, and that due to department cuts, she had to be let go. She was then offered a severance check with a general release specifically tailored to release Neiman from any liability for discrimination or any other labor related claims. German rejected that offer but was still terminated.

## AS AND FOR A FIRST CAUSE OF ACTION
(Violation of NJ Statute 10:5-5 and 10:5-12))

11. Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1" through "10" to this Complaint as if set forth verbatim herein at length.

12. Plaintiff is a woman and therefore a protected class under New Jersey Statute 10:5-12.

13. The continuous conduct by German's supervisors in accusing her of being an exotic dancer and spreading false rumors to other employees, vendors and other colleagues would not have occurred but for German's gender.

14. The conduct was severe and pervasive enough for German to reasonably believe that the conditions of her employment were altered and that they were abusive and hostile. Specifically, the conduct was physically and emotionally humiliating and abusive, and interfered with German's ability to perform her duties.

15. The discriminatory conduct continued until German was terminated in January, 2009.

16. As a result of the aforementioned egregious, malicious and negligent conduct, German suffered physical, emotional and psychological damages.

## SECOND CAUSE OF ACTION
(Violation of the Conscientious Employee Protection Act. NJ Statute 34:19 et seq.)

17. Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1" through "16" to this Complaint as if set forth verbatim herein at length.

18. German reasonably believed that the actions of her supervisors violated her constitutional rights.

19. German disclosed to a supervisor, specifically the director of Human Resources, her belief that her supervisors were engaged in illegal, discriminatory activity.

20. Neiman took retaliatory action against German for disclosing her belief about the

plaintiff.

29. As a direct result of the above complained conduct, German suffered injury.

WHEREFORE, as a result of the aforementioned conduct, Plaintiff seeks damages in the form of compensation for lost wages, pain and suffering, attorneys fees and punitive damages.

### JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated:    Bronx, New York
          January 7, 2010

By: Ramon A. Pagan, Esq.
Attorney for Plaintiff

### DESIGNATION OF TRIAL COUNSEL

In accord with R. 4:25-4, RAMON A. PAGAN is hereby designated as trial counsel on behalf of the plaintiffs in the within matter.

Ramon A. Pagan
ATTORNEY FOR PLAINTIFFS

## CERTIFICATION

I certify that pursuant to Rule 4:5-1, there are no other matters pending involving this controversy.

At this time there are no other parties who should be joined in the action.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
Ramon A. Pagan
ATTORNEY FOR PLAINTIFFS

Dated: January 7, 2010